**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL D. BAILEY,**

      **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-1578-Orl-19JGG**

**FINAL TOUCH ACRYLIC**
**SPRAY DECKS, INC.,**

      **Defendant.**

_____

# ORDER

This case comes before the Court on the Motion of Plaintiff In Limine and Incorporated Memorandum of Law in Support Thereof (Doc. No. 44, filed Jan. 16, 2008); and Response to Plaintiff's Motion in Limine and Incorporated Memorandum of Law (Doc. No. 50, filed Feb. 1, 2008).[1]

Plaintiff contends that Defendant failed to disclose the substantive knowledge of several witnesses on Defendant's witness list in violation of Federal Rule of Civil Procedure 26(a). (Doc. No. 44 at 1-2.) Plaintiff argues that Federal Rule of Civil Procedure 37(c)(1) precludes Defendant from now calling these witnesses at trial. (*Id.* at 2-3.)

Rule 26(a) provides that "a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment

---

[1] Plaintiff contemporaneously filed a Motion to Accept Motion in Limine Out of Time (Doc. No. 46, filed Jan 16, 2008), which the Court granted (Doc. No. 47, filed Jan. 19, 2008).

. . . ." Rule 26(e) requires a party to supplement its disclosures under subsection (a) "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Finally, Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Defendant admits that it failed to disclose the subject matter of the information to which its various witnesses will testify. (Doc. No. 50 at 1.) In addition, Defendant's amended Rule 26 disclosures failed to identify one witness, Tim Goldsmith, although Defendant's original Rule 26 disclosures had identified Goldsmith as an individual likely to have discoverable information. (*Id.*; Doc. No. 44-2 at 2.)[2] In any event, Defendant argues that Plaintiff made it clear through his deposition testimony that he is aware of each of these witnesses and the scope of their knowledge. (*Id.* at 2.) Defendant also agrees not call two of the contested witnesses, Jason Kleinhenz and Garret Pilbeam. (Doc. No. 50 at 2.) Thus, Defendant contends, the failure to comply with Rule 26 was "harmless" and sanctions under Rule 37(c)(1) would be inappropriate. (*Id.* at 3-4.)

The Court agrees that sanctions under Rule 37(c)(1) are not warranted. Plaintiff essentially argues that he was prejudiced by Defendant's violation of Rule 26 because Defendant did not provide enough evidence for Plaintiff to determine whether it was necessary to take certain depositions. (Doc. No. 44 at 2.) However, Plaintiff testified during his deposition that he knew three of the four witnesses at issue, Joe Rodriguez, Tim Goldsmith, and Edward Brown. (*See*, *e.g.*, Doc.

---

[2] Plaintiff does not contest Defendant's failure to identify Goldsmith in the amended disclosure but rather Defendant's failure to identify the substance of Goldsmith's knowledge. (Doc. No. 44 at 1-2.)

No. 23-2 at 32.)[3] The context of Plaintiff's testimony in each instance also reveals that he also knew the witnesses' roles in the events that transpired. Thus, Plaintiff already had sufficient information to make a determination whether it was necessary to depose these witnesses.

Furthermore, Plaintiff made no attempt, either formal or informal, to compel better disclosures. Had Plaintiff sincerely wanted information to determine whether additional depositions were necessary, he would have sought that information during discovery. Plaintiff's decision to make this objection two weeks before trial "raises the inference that the plaintiff is not as concerned with obtaining the [information] as he is with 'hold[ing] in abeyance a putative discovery violation' for the strategic purpose of using it late in the proceedings as a basis to prevent defendant[] from defending the claims against [it]." *Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000) (quoting *JOM, Inc. v. Adell Plastics, Inc.*, 193 F.3d 47, 52 (1st Cir.1999)).

Accordingly, Defendant's violation of Rule 26 was harmless, and no basis exists to grant Plaintiff's request for relief under Rule 37(c)(1). Based on the foregoing, the Court **DENIES** Motion of Plaintiff In Limine and Incorporated Memorandum of Law in Support Thereof (Doc. No. 44, filed Jan. 16, 2008).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 4, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Defendant also argues that Plaintiff stated that he was aware that "Robert Cujiler may have been in the car when Mike made the hat that Plaintiff alleges was discriminatory, as well as witnessed the black Santa Clause incident." (Doc. No. 50 at 2.) Defendant does not provide a citation to the record, and the Court is unable to locate this testimony.

Copies furnished to:

Counsel of Record