UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL D. BAILEY,**

     **Plaintiff,**

-vs-                     **Case No. 6:06-cv-1578-Orl-19JGG**

**FINAL TOUCH ACRYLIC SPRAY
DECKS, INC.,**

     **Defendant.**
_____

# ORDER TO SHOW CAUSE TO DEFENDANT

This case comes before the Court *sua sponte*. Plaintiff Michael D. Bailey is suing Defendant Final Touch Acrylic Spray Decks, Inc. under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Human Rights Act ("FCRA"). (Doc. No. 36, filed Nov. 6, 2007.) Plaintiff has asserted a claim for race discrimination and retaliation claim under both Acts, and one of Defendant's primary defenses to the claim is that it fired Plaintiff for being belligerent and using profanity. (*Id.* at 17-18.)

The Court began a jury trial in this case on February 5, 2008. Bailey was the first witness. During cross examination, Defendant's counsel asked Bailey whether he could recall any instances in the past where he had trouble controlling his temper. Bailey's attorney immediately objected. The Court denied the objection but warned Defendant's counsel that he was in danger of entering an impermissible line of questioning and that he should be careful to formulate questions in a manner consistent with the Federal Rules of Evidence.

Defendant's counsel acknowledged the Court's warning and then repeated the question. Bailey responded that he was having trouble recalling any specific incident. Counsel for Defendant

then asked about incidents that occurred in March of 1999 and May of another year. Bailey responded that he was not sure about the exact date, but that he had "gotten a disorderly conduct" at some point around that time.[1] Bailey's counsel objected again.

Immediately after the objection, the Court recessed the jury. Counsel for Plaintiff then explained the grounds for his objection, which was that evidence of a disorderly conduct misdemeanor conviction was not admissible under Federal Rules of Evidence 404, 405, 608 or 609. Moreover, counsel argued, even if the misdemeanor was admissible, Defendant's counsel would be obligated to prove it with a certified copy of a conviction. Counsel for Defendant responded that the past misdemeanor was admissible under Rules 404 and 405. He specifically argued that the misdemeanor was admissible under Rule 405 because it was proof that Bailey was the "initial aggressor" in a conflict with his supervisor which is the subject of this case.

Federal Rule of Evidence 404 governs the general use of character evidence to circumstantially prove a fact. *See* Fed. R. Evid. 404 ("Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . . .") The Rule prohibits the use of character as circumstantial evidence except during limited circumstances in a criminal trial or when used to attack a witness's veracity under Rules 608 and 609. *Id.* § 404(a)(1)-(3). Furthermore, the use of "other crimes, wrongs, or acts" to "prove the character of a person" is specifically prohibited, save for a narrow list of circumstances in a criminal trial. *Id.* § 404(b).

---

[1] Bailey did not explain whether he was arrested, arrested but not convicted, or convicted.

Federal Rule of Evidence 405 governs methods of proving character. Subsection (a) is titled "Reputation or opinion" and allows "proof [to] be made by testimony as to reputation or by testimony in the form of an opinion" in "all cases in which evidence of character or a trait of character of a person is admissible." Subsection (a) also allows inquiry into "relevant specific instances of conduct" on cross-examination. Subsection (b) is titled "Specific instances of conduct" and provides: "In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct." Thus, subsection (b) applies in cases where character is used to directly prove an element, rather than as circumstantial evidence that a person acted in a particular way on a particular occasion. *See*, *e.g.*, *United States v. Doyle*, 130 F.3d 523, 541-42 (2d. Cir. 1997).

Rules 608 and 609 allow character evidence to be used as a method to attack a witness's "character for truthfulness or untruthfulness." Fed. R. Evid. 608(a). Rule 608 governs the use of opinion and reputation testimony and allows inquiry into specific instances of conduct, in the court's discretion, only when the incident is "probative of truthfulness or untruthfulness." Rule 609 permits "impeachment by evidence of conviction of crime," provided that the crime is a felony or requires proof "of an act of dishonesty or false statement."

None of these rules permit Defendant to introduce Bailey's disorderly conduct misdemeanor into evidence. Rules 608 and 609 govern impeachment of a witness's character for truthfulness, but Defendant's question inquired into Bailey's character for aggression. Moreover, a disorderly conduct conviction would not meet the requirement of Rule 609 that the crime be a felony or necessitate proof of a dishonest act or false statement. Likewise, the exceptions to Rule 404 are inapplicable because they pertain only to criminal cases.

Finally, Rule 405 cannot serve as a basis to admit the misdemeanor into evidence. Subsection (a) does not apply because inquiry into specific incidents is only allowed on cross-examination of a character witness who has just given opinion or reputation testimony. Mr. Bailey was not a character witness, and he did not give opinion or reputation testimony. Therefore, cross examining Mr. Bailey as to the misdemeanor conviction was improper,

Regarding Rule 405 subsection (b), character is not an "essential element of a charge, claim, or defense" in this case. It is well established that "[c]haracter evidence does not constitute an 'essential element' of a claim or charge unless it alters the rights and liabilities of the parties under the substantive law." *Schafer v. Time, Inc.*, 142 F.3d 1361, 1371 (11th Cir. 1998) (citing McCormick on Evidence § 187 (3d ed. 1984)). Included among the very few types of claims that meet this standard are (1) "the chastity of a victim under a statute specifying her chastity as an element of the crime of seduction," (2) "the competency of the driver in an action for negligently entrusting a motor vehicle to an incompetent driver," and (3) actions for defamation where the damage to one's reputation is a measure of damages. *Id.* (quoting Fed. R. Evid 404(a) adv. comm. note).

Bailey's character for aggression is not an "essential element" of a Title VII retaliation claim, nor does it serve as an "essential element" for Final Touch's defense. As this Court has previously explained, a prima facie case of retaliation requires the plaintiff to prove that: (1) he was engaged in statutorily protected conduct; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action. (Doc. No. 36 at 14-15.) Once the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. (*Id.*) At that point, the

plaintiff must demonstrate that the employer's proffered non-discriminatory reasons are a pretexual ruse designed to mask retaliation. (*Id.*) The employee's character for aggression is not an element of this standard and therefore does not "alter[] the rights and liabilities of the parties under the substantive law." *Schafer*, 142 F.3d at 1371.[2]  Accordingly, a misdemeanor relating to the employee's character for aggression is inadmissable under Rule 405.

After sustaining Plaintiff's objection, the Court inquired whether Plaintiff desired to proceed with the current jury. Plaintiff indicated that he wished to move for a mistrial because a curing instruction would likely be ineffective. The Court granted the motion, reasoning that introduction of the misdemeanor was sufficiently prejudicial to require a new jury.[3] *See United States v. Perez*, 30 F.3d 1407, 1410 (11th Cir. 1994) ("The decision of whether to grant a mistrial lies within the sound discretion of a trial judge as he or she is in the best position to evaluate the prejudicial effect of improper testimony.")

The Federal Government expended $1,729.71 to pay for the per diem, travel, and parking costs of the jury for yesterday's trial. This cost is ultimately borne by the taxpayers. Because counsel for Defendant disregarded the Court's warning and elicited inadmissible evidence, the jury had to be discharged, and this money was wasted. Accordingly, the Court directs Counsel for Defendant to show cause within ten (10) days from the date of this Order why the Court should not

---

[2]  To the extent Bailey's temper played a role in his termination, Defendants may offer eyewitness testimony to the argument between Bailey and Sadowski and other evidence that does not run afoul of Rules 404 and 405.

[3]  As the Advisory Committee Notes to Rule 405 explain: "Of the three methods of proving character provided by the rule, evidence of specific instances of conduct is the most convincing. At the same time it possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time." *See also Schafer*, 142 F.3d at 1371 n. 11. In the Court's own experience, improperly-disclosed past convictions are especially likely to confuse a jury and prejudice the party against whom the conviction is proffered.

impose sanctions against him or Defendant, or both, by requiring reimbursement to the Court for $1,729.71.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 7, 2008.

*[Signature: Patricia C. Fawsett]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record